# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 6:25-cr-119-JA-DCI

VEDOUTIE HOOBRAJ

## ORDER

This case arises from a single-count indictment charging Defendant Vedoutie Hoobraj with violating 18 U.S.C. § 1425(a) by unlawfully procuring citizenship or naturalization in July 2017. (Doc. 1). Pursuant to Federal Rule of Criminal Procedure 12(b)(3), Defendant moves to dismiss the indictment, asserting it fails to state an offense. (Doc. 31). Defendant also requests a declaration that as applied in this case, § 1425(a) violates the Fifth Amendment to the U.S. Constitution. The Government filed a response in opposition providing the Court with a chronological account of events. (Doc. 33). Upon due consideration of the motion and response, the motion must be denied.

### I.   Background

From October 2014 through March 2016, Defendant was engaged in an elaborate fraud scheme in New York. (Doc. 33 at 1). She solicited and received monetary donations, falsely claiming she was suffering from terminal cancer. (*Id.*). When she was interviewed by local law enforcement officials in January

2016, she falsely maintained that she had cancer and presented forged medical records. (*Id.* at 2). Soon after the interview, Defendant moved to Florida. (*Id.*).

Once in Florida, Defendant completed a U.S. Citizenship and Immigration Services Application for Naturalization. (*Id.* at 2). Contained in the application was the following question: "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" (Doc. 33-1 at 14). Defendant responded "No" on the application form. (*Id.*). Before signing the form in June 2016, Defendant confirmed that she could read and understand the English language, that she understood every question that she had answered, and that the information in the application was "complete, true, and correct." (*Id.* at 16–17).

In July 2017, Defendant was interviewed by an Immigration Services Officer. (Doc. 33 at 2). After being placed under oath, Defendant did not correct her answer to the above question and again confirmed that the information in her application was "complete, true, and correct." (*Id.* at 2–3). The application was approved, and Defendant became a United States citizen in July 2017. (*Id.* at 3).

By then, the FBI was pursuing an investigation of Defendant's fraudulent scheme in New York. In August 2017, an FBI agent interviewed Defendant. (*Id.*). During the interview, Defendant admitted her fraudulent conduct—she did not have cancer when soliciting donations. (*Id.*). A criminal complaint was

issued against Defendant in the Southern District of New York on the day of the interview, and on January 12, 2018, an information was filed alleging that Defendant had "willfully and knowingly" engaged in a wire fraud scheme from October 2014 through March 2016. (*Id.*). Defendant entered a plea of guilty to that charge the same day the information was filed. (*Id.*). Later in 2018, Defendant was sentenced to 24 months' imprisonment. (*Id.*).

In April 2025, a grand jury returned the indictment challenged in this case charging Defendant with unlawfully procuring citizenship or naturalization in violation of 18 U.S.C. § 1425(a). (Doc. 1).

## II.   Discussion

### A.   The Indictment Sufficiently States an Offense[1]

An indictment may be dismissed if the factual allegations, viewed in the light most favorable to the Government, are insufficient to charge the offense as a matter of law. *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). When the sufficiency of an indictment is challenged, the Court must determine whether the indictment on its face contains the elements of the charged offense. *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). "An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against,

---

[1] Defendant's first, second, third, and seventh arguments are addressed in this section.

3

and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (quoting *United States v. Steele*, 147 F.3d 1316, 1320 (11th Cir. 1998) (en banc)). This is not a demanding standard; an indictment is sufficient if it "track[s] the statutory language and state[s] approximately the time and place of [the] alleged crime." *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020).

The indictment in this case tracks the language of § 1425(a) and meets that standard. It charges:

> On or about July 18, 2017, in the Middle District of Florida, the defendant,
> VEDOUTIE HOOBRAJ,
> did knowingly procure, contrary to law, her naturalization, citizenship, and documentary and other evidence of naturalization and of citizenship, having knowingly made a materially false representation on her Form N-400, Application for Naturalization, and in sworn statements to immigration and naturalization officials, including that she had never committed, assisted in committing, or attempted to commit, a crime or offense for which she was not arrested.
> In violation of 18 U.S.C. § 1425(a).

(Doc. 1 at 1). The indictment alleges the essential elements of the offense: that Defendant (1) knowingly procured; (2) contrary to law; (3) the naturalization of any person or documentary or other evidence of naturalization or citizenship; and (4) that the illegal act alleged—making a false statement—was knowingly done and was material. 18 U.S.C. § 1425(a); Eleventh Cir. Crim. Pattern Jury Instr. O120 (2025).

4

Defendant focuses on whether the indictment sufficiently alleges the requirement of materiality. It does. At trial, the Government must prove that Defendant's false statement "would have mattered to an immigration official, because [it] would have justified denying naturalization or would predictably have led to other facts warranting that result." *Maslenjak v. United States*, 582 U.S. 335, 338 (2017). Materiality is an issue to be resolved by the jury. *Id.* at 347. In sum, the indictment's allegations are sufficient to survive the motion to dismiss.

### B.    As Applied, § 1425 Does Not Violate the Fifth Amendment[2]

Defendant also argues in her motion that § 1425(a)—as applied to her—violates the Fifth Amendment both by failing to provide fair notice of what is prohibited and by compelling her testimony. The Court is not persuaded.

#### 1.    *Due Process (Fair Notice)*

Defendant contends that as applied here, § 1425(a) violates the Fifth Amendment's Due Process Clause because it does not provide fair notice of what conduct is prohibited, arguing that "it retroactively criminalizes a literally truthful statement based on later prosecutorial characterizations of past conduct." (Doc. 31 at 15). Defendant focuses on Question 22 of the naturalization application form in making this argument. As earlier noted, Question 22 asked: "Have you EVER committed, assisted in committing, or

---

[2] Defendant's fourth, fifth, and sixth arguments are addressed in this section.

5

attempted to commit, a crime or offense for which you were NOT arrested?" (Doc. 33-1 at 14). Defendant answered "No" to this question. (*Id.*).

Defendant argues that she gave "truthful answers about her arrest status" because "a person of ordinary intelligence reading Question 22 would understand it to ask: 'Have you ever been arrested for any crimes you committed?'" (Doc. 31 at 15–16). And she asserts that the phrase "for which you were not arrested" "creates fatal temporal ambiguity" because it "criminaliz[es] truthful or temporally accurate answers." (*Id.* at 17).

Defendant's contentions miss the mark. As the Government points out, another Question on the application form—Question 23—asks, "Have you EVER been arrested, cited or detained by any law enforcement officer . . . for any reason?" (Doc. 33-1 at 14). Thus, the Court cannot find that a reasonable reading of Question 22 is "Have you ever been arrested?" as argued by Defendant. Question 22 plainly asks about "crime[s] for which [the applicant was] NOT arrested," and it does not "retroactively criminalize a truthful statement." Defendant does not argue that the charges of wire fraud were based on a statutory scheme created after she submitted her application; the statute under which she was charged in New York was in effect before she answered "No" to Question 22. And the Court rejects Defendant's characterization of conduct being "criminalized" by "later prosecutorial characterizations of past conduct" here.

6

It will, of course, be up to the Government to establish at trial that Defendant knowingly gave a false answer about her past criminal conduct, but Defendant's as-applied challenge to § 1425(a) based on the language of Question 22 fails.

### 2. *Self-Incrimination*

Defendant also argues that applying § 1425(a) in this case violates her Fifth Amendment right against self-incrimination. But as the Government points out, § 1425(a) does not compel testimony or require the waiver of Fifth Amendment rights. Nor does it punish or penalize an individual who asserts Fifth Amendment rights. Defendant was not required to apply for naturalization, nor was she required to submit to an interview with an immigration official. She chose to apply for naturalization and complete the application form.

### III. Conclusion

Accordingly, "Defendant's Motion to Dismiss and Motion to Declare Statute as Being Unconstitutional as Applied" (Doc. 31) is **denied**.

**DONE** and **ORDERED** on January 14, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Counsel for Defendant